IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON KEITH BOHANON                                                        PLAINTIFF

v.                              No. 3:11-cv-255-DPM

CITY OF WEST MEMPHIS; DAVID PEEPLES,
District Attorney, City of West Memphis;
WEST MEMPHIS POLICE DEPARTMENT;
DONALD OAKES, Chief of Police, West Memphis
Police Department; WEST MEMPHIS MUNICIPAL
COURT; and WILLIAM RAINEY, Judge, West
Memphis Municipal Court                                                      DEFENDANTS

ORDER

1. Bohanon moves to proceed *in forma pauperis*. The deposits in his account at the Crittenden County Detention Center for the six months before his application totaled $282.53. *Document No. 1*. Bohanon's motion to proceed *in forma pauperis*, Document No. 1, is therefore granted. He must pay nonetheless. His present custodian, the Warden/Director of the Crittenden County Detention Facility or his designee, will collect from Mr. Bohanon's prison trust account the $350.00 filing fee by collecting the $9.42 initial partial filing fee, as well as monthly payments amounting to 20% of the preceding

month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden/Director of the Crittenden County Detention Facility, 350 AFCO Road, West Memphis, Arkansas 72301.

2. This Court must also screen his complaint, however. 28 U.S.C. § 1915A. Bohanon — more accurately, Brandon Keith Bohanon — alleges that he is being unlawfully confined for criminal charges brought against his brother, Brent Bohanon. While there are other legal defects, Bohanon's lawsuit is certainly premature; because success in this § 1983 action would imply that his conviction is invalid, he may bring suit under § 1983 only after his conviction is reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996). The Court also notes that Judge Rainey

and Prosecutor Peeples may well be entitled to absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Reasonover v. St. Louis County, Missouri*, 447 F.3d 569, 579-580 (8th Cir. 2006). And Bohanon's claims against the City of West Memphis and its police department seem to stumble on *Monell* because Bohanon alleges no custom or policy. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

3. Motion, *Document No. 1*, granted. Motion, *Document No. 3*, denied as moot. Bohanon's complaint is dismissed without prejudice.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

_18 January 2012_